FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 24 2022

RICK WARREN
COURT CLERK
73 _____

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| ROY LEE PARKERSON, JR. | |
| Plaintiff, | |
| vs. | Case No.: CJ-2022-2969 |
| (1) BOARD OF COUNTY COMMISSIONERS OF OKLAHOMA COUNTY, In its Official Capacity as Governing Body of the County of Oklahoma County, <br> (2) OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY, <br> (3) OKLAHOMA COUNTY SHERIFF, <br> (4) MICHAEL HUGHES, | |
| Defendants. | |

## PETITION

Plaintiff, Roy Parkerson, for his cause of action against the above-named Defendants, alleges and states:

1. Plaintiff Roy Parkerson ("Parkerson") is an individual and a citizen of the State of Oklahoma.

2. Defendant Board of County Commissioners for Oklahoma County ("Board" or "BOCC") is the legislative entity with non-delegable statutory responsible for providing a jail facility for Oklahoma County, Oklahoma that is adequate for the safe-keeping of inmates. *See* 57 O.S. § 41.

3. Defendant Oklahoma County Criminal Justice Authority ("OCCJA" or "Jail Trust") is a public trust created for the furtherance of purported public functions pursuant to 60 Okla. Stat. § 176, et seq. OCCJA was created by a certain "Trust Indenture." Under the Trust Indenture, OCCJA is to "assist" Oklahoma County in its stated objective of operating

the Oklahoma County "Jail Facilities," which includes the Oklahoma County Detention Center ("Oklahoma County Jail" or "Jail"). Under the Trust Indenture, OCCJA was delegated the responsibility of developing policies and procedures to address the administration of the Jail. The Oklahoma County Sheriff and a member of the Oklahoma County Board of County Commissioners are permanent members/trustees of the OCCJA.

4.  Defendant Oklahoma County Sheriff (currently Tommie Johnson, III) is sued in his official capacity. Plaintiff has brought suit against the County/Oklahoma County Sheriff's Office ("OCSO"). The Oklahoma County Sheriff is being sued in his official capacity because, during the times when Plaintiffs' Constitutional rights were violated at the Oklahoma County Detention Center ("OCDC" or "Jail"), OCSO maintained responsibility for the management and operation of the Jail. This included primary responsibility for the creation and implementation of official policies, customs and practices in place at the Jail.

5.  Defendant Michael Hughes ("Hughes") is a citizen of Oklahoma. Officer Hughes was, at all times relevant hereto, acting under color of state law, and in the scope of his employment, as employee and/or agent of the OCSO, OCDC, and/or OCCJA.

6.  The events herein occurred in Oklahoma County, State of Oklahoma. Parkerson is in actual or substantial compliance with the Governmental Tort Claims Act. A governmental tort claim was filed by Plaintiff against Defendants on November 29th, 2021. The claim was deemed denied, February 27th, 2022, after 90 days from the filing, pursuant to 51 O.S. § 157.

7.  On or about December 03, 2020 at the Oklahoma County Detention Center, located at 201 N. Shartel, Oklahoma City, OK 73102, OCDC employee Michael Hughes released an inmate from cell 3. This inmate was designated as "Administration Segregation/Protective Custody" (not allowed outside of cell nor allowed access to the general

population within the jail). Hughes then allowed the inmate into cell 50, where Parkerson was asleep. The inmate then stabbed Plaintiff at least three times with a jail made shank. Hughes did not call out on his radio that there was an inmate on inmate altercation, as required by OCDC policy, and he failed to immediately notify medical personal that Parkerson was severely injured.

8.  Defendants BOCC/OCCJA/OCSO knew, must have known, or should have known, that, due to the inadequate training and supervision, violations of detainees' constitutional rights was probable, but failed to take reasonable measures to alleviate the risk of harm.

As a direct and proximate result of the reckless disregard to Plaintitt's rights, acts and omissions of the Defendants, Plaintiff has suffered bodily and emotional injuries which have caused and will continue to cause physical and mental pain and suffering and that, as a result, he has incurred and will continue to incur medical expenses.

WHEREFORE, the Plaintiff respectfully requests judgment against the Defendants including but not limited to actual, compensatory and punitive damages in an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, along with costs, interest, attorney fees, and any other and further relief to which he may be entitled.

Respectfully submitted,

Clayton T. Hasbrook, OBA #22169
HASBROOK & HASBROOK
400 N Walker Suite 130
Oklahoma City, OK 73102
405-235-1551
405-367-0900 - facsimile
E-mail:cth@hasbrooklaw.com

-and-

Carter Jennings, OBA #22417
Carter Jennings Law Firm, PLLC
400 N. Walker, #130
Oklahoma City, OK 73118
Telephone: (405)208-8430
carter@carterjenningslaw.com
***ATTORNEY FOR PLAINTIFF***

**Attorney's Lien Claimed**