# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| ROY LEE PARKERSON JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-22-607-PRW |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF OKLAHOMA | ) | |
| COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Magistrate Judge Amanda Maxfield Green's Report and Recommendation (Dkt. 22), recommending that Defendant Oklahoma County Criminal Justice Authority's ("OCCJA's") Motion to Dismiss the Amended Complaint (Dkt. 20) be denied; and OCCJA's Objection to the Report and Recommendation (Dkt. 23).

Plaintiff brings a claim pursuant to 42 U.S.C. § 1983, wherein he alleges that as a pre-trial detainee his constitutional rights were violated when Defendant Hughes, a detention officer at the Oklahoma County Detention Center ("OCDC"), allowed another inmate to enter Plaintiff's cell and attack him. Plaintiff's Amended Complaint (Dkt. 17) seeks to hold Defendant OCCJA liable on a theory of municipal liability.

Defendant OCCJA entered a special appearance and moved to dismiss the action against it. The Motion advances two primary arguments. First, that OCCJA is not an entity liable to suit under § 1983. Second, that the Amended Complaint's factual allegations are

1

insufficient to state a claim in several respects, such as the policy needed to ground a municipal liability claim, or a causal link between the injury and OCCJA's conduct.

In her Report and Recommendation, Magistrate Judge Green reviewed the applicable law and Defendant OCCJA's arguments and concluded that the Motion (Dkt. 20) should be denied. First, Magistrate Judge Green determined that Defendant OCCJA is likely a "local governmental unit[] to be included among those persons to whom § 1983 applies."[1] While noting that the Tenth Circuit has not addressed the issue directly,[2] Magistrate Judge Green discussed several precedents that concluded that jail trusts like Defendant OCCJA—and, in one case, Defendant OCCJA itself—can be held liable in addition to the governments of the counties in which they operate.[3] Defendant OCCJA does not contest this issue further in its Objection (Dkt. 23).

Next, Magistrate Judge Green concluded that, taking the allegations in the Amended Complaint as true, and construing them in the light most favorable to Plaintiff, Plaintiff had pleaded facts sufficient to state a claim for § 1983 municipal liability. To state a claim,

---

[1] *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978).

[2] Although, as Magistrate Judge Green also notes, the Tenth Circuit has weighed in on the merits of a § 1983 claim against a jail trust without questioning its status as an entity liable to suit. *See Rife v. Okla. Dept. of Public Safety*, 854 F.3d 637, 653–54 (10th Cir. 2017).

[3] *See Chichakli v. Samuels*, No. CIV-15-687-D, 2016 WL 2743542, at *4 (W.D. Okla. May 11, 2016); *Foltz v. Grady Cnty. Bd. of Cnty. Comm'rs*, No. CIV-15-996-M, 2017 WL 11557921, at *4–5 (W.D. Okla. July 25, 2017); *Hickey v. Oklahoma Cnty. Det. Ctr.*, No. CIV-20-1291-R, 2022 WL 945319, at *2 (W.D. Okla. Mar. 29, 2022) (suggesting that OCCJA was a proper party liable for suit but concluding that plaintiff failed to plead facts alleging OCCJA's responsibility for his constitutional injury).

Plaintiff needed to cross this threshold for three elements: (1) official policy or custom; (2) causation; and (3) state of mind.[4]

Official policy or custom can be demonstrated in different ways.[5] Magistrate Judge Green found that Plaintiff plausibly pleaded two of those ways. First, that Defendant OCCJA had "fail[ed] to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused."[6] Plaintiff alleged factual support for this policy or custom by reference to several third-party investigations of OCDC conditions, including a 2008 Department of Justice Report, the report of a consultant hired by OCCJA, and a 2021 National Institute of Corrections report. Second, that there was "an informal custom amounting to a widespread practice" of detention officers opening cells to facilitate inmate-on-inmate attacks. Plaintiff's allegations on this policy or custom consisted of a few broad statements, and off-hand references to the 2008 report and news coverage. Magistrate Judge Green acknowledged that Plaintiff's allegation on this point were "thinner and less specific." Nevertheless, she concluded that Plaintiff had pleaded enough to push both theories over the line from conceivable to plausible.

Having concluded that the first element was established, Magistrate Judge Green had little trouble concluding that causation and state of mind were plausibly alleged as well. If either of the official policies or customs existed as alleged, then Plaintiff's assertion

---

[4] *See Burke v. Regalado*, 935 F.3d 960, 998 (10th Cir. 2019).

[5] *See Waller v. City and Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla.*, 627 F.3d 784, 788 (10th Cir. 2010)) (listing five forms for demonstrating "municipal policy or custom").

[6] *Id.*

of the causal connection between the policies and his injuries follows naturally, as do reasonable inferences of Defendant OCCJA's knowledge and state of mind at the time.

Defendant OCCJA objects to these conclusions. First, Defendant OCCJA notes that the 2008 Department of Justice report has previously been discounted in similar § 1983 cases.[7] This Court agrees that the probative value of that document as to the conditions and practices of OCDC at the time of Plaintiff's injuries is highly limited. Defendant OCCJA also argues that the later consultant report and National Institute of Corrections report are similarly insufficient to support the state of mind element. Specifically, it argues that these findings and reports were made known to Defendant OCCJA only after Plaintiff's alleged injury occurred in December 2020. Therefore, Defendant OCCJA says, it cannot have consciously disregarded a risk of which it was not yet conscious.

This Court agrees with Magistrate Judge Green that the Amended Complaint sufficiently alleges the existence of an official custom or policy, a causal link, and Defendant OCCJA's state of mind. This is so even without considering the 2008 report. Plaintiff alleges that "[t]he consultants, audits and reviews described briefly in this Amended Complaint, have warned and instructed [the OCCJA] of these known unconstitutional deficiencies, and how to correct the unconstitutional deficiencies."[8] Defendant OCCJA does not dispute the accuracy of the alleged results of the later reports.

---

[7] *See Willis v. Okla. Cnty. Det. Ctr.*, No. CIV-18-323-D, 2019 WL 4409219, at *6 (W.D. Okla. Sept. 13, 2019) (noting difference in facts and the passage of time since the 2008 report and collecting cases similarly casting doubt on the utility of the report).

[8] Pl.'s Am. Compl. 8 (Dkt. 17).

And even if those results were not formalized into reports until after Plaintiff's injury, one can reasonably infer from the ultimate findings, and the period of investigation necessary to reach them, that Defendant OCCJA had some notice of the underlying issues. The Court finds that, construed in the light most favorable to Plaintiff, the later reports are enough to plausibly allege that Defendant had knowledge of the alleged customs or policies, and the risks entailed thereby, at the time of Plaintiff's alleged injury.

Magistrate Judge Green did not specifically address Defendant's argument in its Motion (Dkt. 20) that the Amended Petition also failed to plead facts sufficient to support Plaintiff's claim of cruel and unusual punishment. However, this argument was premised on essentially the same objections regarding the official policy, causal link, and state of mind elements. For the reasons just discussed, the Court finds that Plaintiff has pleaded enough to plausibly allege these elements.

Having reviewed *de novo* the Amended Complaint (Dkt. 17); the Motion (Dkt. 20) and Response (Dkt. 21); Magistrate Judge Green's Report and Recommendation (Dkt. 22) and Defendant OCCJA's Objection (Dkt. 23); and the applicable law, the Court agrees with Magistrate Judge Green's conclusion. Plaintiff's Amended Complaint pleads sufficient facts to state a claim against Defendant OCCJA. The Court therefore **ADOPTS** the Report and Recommendation (Dkt. 22) and **DENIES** Defendant OCCJA's Motion to Dismiss (Dkt. 20).

**IT IS SO ORDERED** this 2nd day of August 2023.


PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE